UNITED STATES DISTRICT COURT

Northern District of California

Oakland Division

| | |
|---|---|
| COLBEY T., by and through his Guardian ad Litem, LISA T., <br><br> Plaintiff, <br><br> v. <br><br> MT. DIABLO UNIFIED SCHOOL DISTRICT, *et al.*, <br><br> Defendants. <br> _____/ | No. C 11-03108 LB <br><br> **ORDER APPROVING COMPROMISE OF DISPUTED CLAIM AND DISPOSITION OF SETTLEMENT PROCEEDS** <br><br> [ECF No. 19] |

**I. INTRODUCTION**

Plaintiff Colbey T., a minor, by and through his guardian ad litem, Lisa T., filed this action against Defendants Mt. Diablo Unified School District, Seneca Center, Tom Tamura, David Jones, and Gwen Scalise (Collectively "Defendants"), alleging violations of his civil rights under the Americans with Disabilities Act (42 U.S.C. § 12131 *et seq.*) and the Civil Rights Act (42 U.S.C. § 1983), as well as violations of Section 504 of the 1973 Rehabilitation Act (29 U.S.C. § 794), along with various state disability rights claims and tort violations. Complaint, ECF No. 1 at 2.[1] The parties have agreed to settle the lawsuit, and Plaintiff filed the instant petition for this court's approval of compromise with respect to the Plaintiff's claims. Petition, ECF No. 19 at 1. The court grants the petition upon its finding that the settlement is fair and reasonable.

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

C 11-03108 LB
ORDER

## II. BACKGROUND

Colbey T. ("Colbey"), a 14-year-old special education child with emotional and behavioral disabilities, was enrolled during all relevant times herein in the Mt. Diablo Unified School District ("the District") in Concord, California. Complaint, ECF No. 1 at 1. Since January 27, 2009, Colbey has been eligible for special education services in the District under the category of "Emotional Disturbance" pursuant to state and federal law. *Id.* at 5. While enrolled at the Sunrise Elementary Center based program in the District, Colbey received an annual Individualized Education Program ("IEP"). *Id.* The IEP team concluded that his behavior impeded the learning of himself and/or others – noting that Colbey "becomes verbally aggressive towards staff/students when upset or frustrated"– and that he "requires a small specialized setting with frequent individual support." *Id.* at 5-6. After this initial process was completed, Colbey was transferred from Sunrise Elementary Center to Riverview Middle School. *Id.* at 7.

Further IEP assessments were performed subsequently, and the specific recommendations for Colbey's individualized programs varied somewhat over time, but the diagnoses described above remained consistent. *Id.* at 5-10. Despite his diagnoses and the recommendations of the IEP team, the District failed to address Colbey's behavioral and social-emotional disabilities. *Id.* at 2. Specifically, the District failed to segregate Colbey from similarly-aged school children, failed to protect him from harassment by peers on the school bus and in his segregated classrooms, and often used inappropriate physical restraints in response to his perceived "acting out." *Id.* Rather than accommodating them, the staff provided by the District exacerbated Colbey's diagnosed emotional and behavioral disabilities by subjecting him to an increasingly segregated program, the above-mentioned improper restraints, and negative disciplinary approaches. *Id.* His supervisors allowed Colbey to be harassed by other students in his program, and in one instance placed him in a secluded and inadequately or improperly supervised "time-out room" with another student who physically attacked and injured Colbey, causing a broken collarbone and fear of returning to school. *Id.*

Colbey was treated for the broken collarbone that day. *Id.* at 12. The parties' proposed order states that Colbey has recovered from the physical injuries without permanent physical injuries and has been evaluated for any emotion impact stemming from the incident. ECF No. 20 at 2. It also

stated that Plaintiff fully understands that he is forever barred from seeking further recovery of compensation from the settling defendants for the incident for which relief is sought in this action. *Id.*

### III. LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court 'must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action.'" *Id*. (quoting Fed. R. Civ. P. 17(c)). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id*. (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

As the Ninth Circuit has recently made clear, in cases involving the settlement of a minor's federal claims,[2] district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id*. at 1181-82 (citing *Dacanay*, 573 F.2d at 1078).

### IV. DISCUSSION

Colbey, through his guardian ad litem, has agreed to settle his claims against Defendants in exchange for $29,000. Petition, ECF No. 19 at 2. The sum of $28,650 – after payment to counsel of $350.00 for their services and for the filing fee in this action – will be deposited and held in a federally insured bank account in trust for Colbey by his parent, Lisa T. to be used at parental discretion for expenses for Colbey, for future counseling, therapy, educational and recreational

---

[2] The Ninth Circuit did not express a view on the proper approach for a federal court to use when sitting in diversity and approving the settlement of a minor's state law claims. *Robidoux*, 638 F.3d at 1179 n.2. Plaintiffs brought claims under both federal and state law. Nevertheless, the court will look to the Ninth Circuit's guidance with respect to all of their claims.

1  purposes, and social enrichment expenses. *Id.* at 2-3. Upon review of the papers submitted, the
2  court finds this amount to be reasonable and the settlement to be in the best interest of all parties.

### IV.  CONCLUSION

Based on the foregoing, the court **GRANTS** Plaintiff's petition for this court's approval of minor's compromise. The parties shall promptly file a stipulated dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

This disposes of ECF No. 19.

**IT IS SO ORDERED.**

Dated: May 4, 2012

_____
LAUREL BEELER
United States Magistrate Judge